UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED VAN LINES, LLC | : | CIVIL ACTION |
| | | NO. 3:03 CV 200 (AWT) |
| Plaintiff, | | |
| V. | : | |
| | | |
| RONALD J. MORF and | : | |
| ENTERTAINMENT INDUSTRIES, INC., | | |
| | | |
| Defendants. | : | MARCH 12, 2004 |

**MOTION FOR EXAMINATION OF JUDGMENT DEBTOR**

Pursuant to Federal Rule of Civil Procedure 69 and Connecticut General Statute § 52-397, the plaintiff and Judgment Creditor, United Van Lines, LLC, respectfully moves this Court for an Order, allowing the judgment creditor to examine the judgment debtor, Ronald J. Morf, under oath in Court. The subject of said examination shall concern the judgment debtor's property and means of paying the judgment entered against him in this case.

I.  Law

Federal Rule of Civil Procedure 69(a) provides in pertinent part:

"In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor and the manner provided in these rules or in the manner provided by the practice of the State in which the District Court is held."

Rule 69(a) has been held to incorporate "the full panoply of federal discovery measures...including production of documents under Rule 34." Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559 (S.D.N.Y. 1977). The state rules are to be applied in a common sense manner and those which make sense only when applied to state courts need not be imported into federal practice. Yazoo & M.V.R.R. v. Clarksdale, 257 U.S. 10 (1921).

Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 69 (a). See also Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 99 F.2d 314, 317(8th Cir. 1993). "The remedies of a judgment creditor include the ability to question the judgment debtor about the nature and location of assets that might satisfy the judgment." Minpeco v. Hunt, 1989 U.S. Dist. LEXUS 5723, No. 81-CV -7619, 1989 WL 5774, at 1(S.D.N.Y. May 24, 1989); ("National Service Industries, Inc. v. Vafla Corp., 694 F.2d 246, 250 (11th Cir. 1982). Furthermore, "a judgment creditor is entitled to discover the identity and location of any of the judgment debtor's assets wherever located." Caisson Corp. v. County West Bldg. Corp., 62 F.R.D. 331, 334 (E.D. Pa. 1974). Thus, under Rule 69(a), the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.

2

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

II.   Facts

A default judgment entered against Roanld J. Morf and Entertainment Industries, Inc. on May 29, 2003.  Including allowable costs taxed against the judgment debtor, the total amount of the unpaid judgment is $4,759.87.

On January 27, 2004, judgment debtor, Ronald J. Morf, was served with Post-Judgment Remedies Interrogatories (Form JD-CV-23 and Form JD-CV-23a, as prescribed by the Connecticut Superior Court).  Although more than thirty (30) days has passed since the judgment debtor was served with the Post-Judgment Remedies Interrogatories, the judgment debtor has not served any responses nor compliance with the Post-Judgment Remedies Interrogatories.

WHEREFORE, the judgment creditor respectfully requests that its motion be granted pursuant to Federal Rule of Civil Procedure 69 and Connecticut General Statute § 52-397 and an examination of the judgment debtor be scheduled by the Court. Furthermore, the judgment creditor requests the court order the judgment debtor to be prepared at the time of the hearing to answer all Post-Judgment Remedies Interrogatories as prescribed in the Connecticut Superior Court Forms served on January 27, 2004, and produce copies of his federal income tax returns for the previous five years and statements from active bank accounts.  Additionally, the judgment creditor requests an award of costs for the examination, attorney's fees in connection

315 Post Road West
Westport, CT 06880

3
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

with this motion and fees for the examination of the judgment debtor pursuant to Connecticut General Statute § 52-400 and Connecticut General Statute § 52-400c.

                                THE PLAINTIFF,
                                UNITED VAN LINES, LLC

BY: _____
      John W. Dietz
      Fed. Bar #ct13432
      HALLORAN & SAGE, LLP
      315 Post Road West
      Westport, CT 06880
      (203) 227-2855
      Its Attorneys

## CERTIFICATION OF SERVICE

This is to certify that on this 12th day of March, 2004, I hereby mailed a copy of the foregoing via first class mail to the defendant's usual place of abode, postage prepaid, as follows:

defendant/judgment debtor

Ronald J. Morf
288 Maple Road
Easton, CT 06425

_____
John W. Dietz

525782.1(HSFP)



315 Post Road West     HALLORAN & SAGE LLP    Phone (203) 227-2855
Westport, CT 06880       Fax (203) 227-6992
      Juris No. 412195