UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**APPLICATION FOR AND WRIT OF EXECUTION**

**BANKING INSTITUTION**

**APPLICATION**

      To the United States District Court for the District of Connecticut at Hartford, Connecticut, in connection with a judgment therein on May 29, 2003, Docket No. 3:03 cv 0200 (AWT), United Van Lines, LLC v. Entertainment Industries, Inc. and Ronald J. Morf.

**NAME OF BANKING INSTITUTION:**

Milford Federal Credit Union
70 West River Street
Milford, CT 06460            (203) 877-0088

**NAME OF JUDGMENT CREDITOR MAKING APPLICATION:** UNITED VAN LINES, LLC OF Fenton, MO.

**NAME OF JUDGMENT DEBTOR:** ENTERTAINMENT INDUSTRIES OF Milford, CT.

| | | |
|---|---|---|
| 1. | AMOUNT OF JUDGMENT: | $4,418.87 |
| 2. | AMOUNT OF COSTS: | 341.00 |
| 3. | TOTAL JUDGMENT AND COSTS: | $4,759.87 |
| 4. | TOTAL PAID ON ACCOUNT: | -0- |
| 5. | TOTAL UNPAID JUDGMENT: | $4,759.87 |

_____        November 11, 2004
John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880
federal bar#ct13432
(203) 227-2855
dietz@halloran-sage.com

# EXECUTION

## TO ANY PROPER OFFICER:

Whereas on said date of Judgment the above-named Judgment Creditor recovered a judgment against the above-named Judgment Debtor before the above-named court for the amount of damages and costs above, as appears on record, whereof execution remained to be done. These thereby Authority Of The United States To Command You:

___ **IF JUDGMENT DEBTOR IS A NATURAL PERSON:**

Within seven days from your receipt of this execution, make demand upon the main office of any banking institution having its main office within your county, or is such main office is not within your county and such banking institution has one or more branch offices within your county, upon an employee of such a branch office, such employee and such branch office having been designated by the banking commissioner, for payment to you pursuant to section 52-367(b) of the general statutes of any nonexempt debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid damages and costs on said judgment as stated above, plus interest on the unpaid amount of said judgment from its date until the time when this execution shall be satisfied, plus your own fee. After having made such demand you are directed to serve a true and attested copy of this execution, together with the attached affidavit and exemption claim form, with your doings endorsed thereon, with the bank institution officer upon whom such demand was made. Said sum shall be received by you and applied on this execution in accordance with the provisions of section 52-367(b) of the general statutes.

___ **IF DEBTOR IS OTHER**

Make demand upon the main office of any banking institution having its main office within your county, or if such main office is not within your county and such bank institution has one or more branch offices within your county, upon an employee of such branch office, such employee and such branch office having been designated by the banking institution in accordance with regulations adopted by the banking commissioner, for payment to you of any debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid damages and costs on said judgment as stated above, plus interest on the unpaid amount of said judgment, from its date until the time when this execution is satisfied, plus your own fees. Said sum shall be received by you and applied on this execution. After having made such demand you are directed to serve a true and attested copy hereof, with your doings thereon endorsed, with the banking institution office upon whom such demand was made.

HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW.

DATED AT HARTFORD, CONNECTICUT THIS 17TH DAY, NOVEMBER, 2004

KEVIN F. ROWE CLERK

BY _____
DEPUTY CLERK

## BANKING EXECUTIONS

The federal rules and statutes require counsel to follow state law to execute on a judgment where there is no controlling federal statute. 52-367b is the Connecticut General Statute that identifies the procedure counsel should follow when seeking to execute on a judgment on a banking institution.

The judgment creditor is required to file an application with the clerk's office. If the information in the application appears in order, and includes the name and address of the banking institution, the clerk of court or his deputy can sign the execution. The clerk should give counsel or the sheriff the original execution and an two attested copies of the execution for service on the banking institution. The clerk should retain one attested copy for docketing and the file.

If the judgment debtor is a natural person, the sheriff should make demand on the banking institution within seven days of receiving the execution. If the bank has funds belonging to the judgment debtor, the bank is required to send to the judgment debtor a copy of the execution and the exemption claim form at the last known address. The bank should hold the debtor's money removed from the account for 15 days from the date of mailing.

The judgment debtor may seek an exemption by delivering to the banking institution, by mail or other means, the exemption claim form or any other written notice that an exemption is claimed. The bank should mail the exemption claim form to the clerk of court within two business days. Upon receipt of the claim form, the clerk should schedule a hearing. The clerk should send notice of the hearing to the judgment creditor and the judgment debtor. Under the statute, the bank is required to hold the money for 45 days or until a court order is entered disposing of the exemption claim. A copy of the court order disposing of the claimed exemption should be sent to the banking institution.

If the bank does not receive the exemption claim form within 15 days of its mailing, the banking institution shall, upon demand, forthwith pay the serving officer.

Since the federal court does not have comparable forms, we have created an application and execution form modeled after the state court form. We will use the state court exemption form with our forms. The statute does not require the exemption form to be attached to issue the execution when issued, but it is clear from the statute that the judgment creditor is required to serve a copy of this form on the banking institution when the judgment creditor is a natural person.

**EXEMPTION CLAIM FORM**
**BANK EXECUTION**
JD-CV-24a Rev. 4-97
C.G.S. 31-58(j), 52-321a, 52-350a, 52-352b, 52-361a,
52-367b, 29 U.S.C. 206(a)(1)

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

NAME AND ADDRESS OF JUDGMENT DEBTOR OR ATTORNEY *(To be completed by plaintiff)*

TO:

### SECTION I *(To be completed by plaintiff)*

☐ Judicial District   ☐ Housing Session   ☐ G.A. No. _____

NAME AND ADDRESS OF COURT *(No., Street, Town and Zip Code)*

NAME OF JUDGMENT DEBTOR

DOCKET NO.

### SECTION II *(To be completed by banking institution - see instructions on page 2)*

NAME AND ADDRESS OF BANKING INSTITUTION TO WHICH EXEMPTION CLAIM *(IF ANY)* IS TO BE RETURNED

DATE OF MAILING TO JUDGMENT DEBTOR

DESCRIPTION OF ACCOUNT(S) AND AMOUNT(S) REMOVED PURSUANT TO EXECUTION

### SECTION III    NOTICE TO JUDGMENT DEBTOR

As a result of a judgment entered against you, the attached execution has been issued against funds deposited by you in the banking institution named above. In compliance with this execution, the banking institution has removed from the account(s) enumerated above the amount of money indicated above.

**THE MONEY IN YOUR ACCOUNT(S) MAY BE EXEMPT FROM EXECUTION** - The money in your account(s) may be protected from execution by state statutes or by other laws or regulations of this state or of the United States. A checklist and a description of the exemptions established by law are set forth on the page 2.

**HOW TO CLAIM AN EXEMPTION ESTABLISHED BY LAW** - If you wish to claim that the money in your account(s) is exempt by law from execution, you must fill out and sign before a proper official the Affidavit of Claim of Exemption below and mail or deliver this exemption claim form to the banking institution at the above address. This form must be received by the banking institution no later than 15 days from the DATE OF MAILING TO THE JUDGMENT DEBTOR indicated above.

Upon receipt of this form the bank will forward it to the Superior Court and the court clerk will notify you and the judgment creditor of the date on which a hearing will be held by the court to determine the issues raised by your claim.

### SECTION IV    AFFIDAVIT OF CLAIM OF EXEMPTION ESTABLISHED BY LAW

I, the judgment debtor named above, hereby claim and certify under the penalty of false statement that the money in the above account(s) is exempt by law from execution as follows:

| ACCOUNT NUMBER | DESCRIBE CLAIMED EXEMPTION ESTABLISHED BY LAW |
|---|---|
| AMOUNT CLAIMED TO BE EXEMPT | |
| ACCOUNT NUMBER | DESCRIBE CLAIMED EXEMPTION ESTABLISHED BY LAW |
| AMOUNT CLAIMED TO BE EXEMPT | |

☐ Additional sheet(s) attached hereto and made a part hereof *(if necessary)*.

SIGNED *(Individual attorney or pro se party)*
X

DATE SIGNED

STATE OF CONNECTICUT   COUNTY OF
} SS

COMPLETE MAILING ADDRESS OF JUDGMENT DEBTOR

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 19 ___

SIGNED *(Notary Public, Commissioner of Superior Court)*
X

TELEPHONE NO.

Page 1 of 2

## CHECKLIST AND DESCRIPTION OF EXEMPTIONS ESTABLISHED BY LAW

1. Public Assistance payments and any wages earned by a public assistance recipient under an incentive earnings or similar program. (C.G.S. 52-352b(d))
2. Health and disability insurance payments. (C.G.S. 52-352b(e))
3. Worker's Compensation, social security, veterans and unemployment benefits. (C.G.S. 52-352b(g))
4. Court approved payments for child support. (C.G.S. 52-352b(h))
5. Any assets or interests of a judgment debtor in, or payments received by the judgment debtor from, a plan or arrangement described in C.G.S. 52-321a. (C.G.S. 52-352b(m))
6. Alimony and support, other than child support, but only to the extent that wages are exempt from execution under section 52-361a*. (C.G.S. 52-352b(n))
7. An award under a crime reparations act. (C.G.S. 52-352b(o))
8. All benefits allowed by any association of persons in this state towards the support of any of its members incapacitated by sickness or infirmity from attending to his usual business; and all monies due the debtor from any insurance company upon any insurance policy issued on exempt property, to the same extent that the property was exempt. (C.G.S. 52-352b(p), (q))
9. Any interest of the judgment debtor in any property not to exceed in value one thousand dollars. (C.G.S. § 52-352b(r))
10. Irrevocable transfers of money to an account held by a bona fide nonprofit debt adjuster licensed pursuant to sections 36a-655 to 36a-665, inclusive, of the general statutes for the benefit of creditors of the judgment debtor. (C.G.S. 52-352b(u))
11. There may be other laws or regulations of this state or of the United States which set forth additional exemptions.

*The following is that part of C.G.S. 52-361a which denotes what portion of wages is exempt from execution:

*The maximum part of the aggregate weekly earnings of an individual which may be subject to levy or other withholding for payment of a judgment is the lesser of (1) twenty-five per cent of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed forty times the higher of (A) the minimum hourly wage prescribed by Section 6(a)(1) of the Fair Labor Standards Act of 1938, U.S.C. tit. 29, Section 206(a)(1), or (B), the full minimum fair wage established by subsection (j) of Section 31-58, in effect at the time the earnings are payable.*

*C.G.S. 52-350a(4) defines "disposable earnings" as that part of the earnings of an individual remaining after the deduction from those earnings of amounts required to be withheld for payment of federal income and employment taxes, normal retirement contributions, union dues and initiation fees, group life insurance premiums, health insurance premiums, federal tax levies, and state income tax deductions authorized pursuant to C.G.S. 12-34b.*

## INSTRUCTIONS

### TO BANKING INSTITUTION

1. Complete section II of this form and send 2 copies of this form and the bank execution form to the judgment debtor pursuant to section 52-367b of the General Statutes.
2. If this claim of exemption is returned completed, fill out section V of this form and mail, within two business days, to the issuing clerk's office at the address of court indicated on the front side. See additional instructions on the bank execution form.

### TO CLERK

1. Attach this form to each bank execution issued in a civil or family matter against a judgment debtor that is a natural person.
2. Deliver the execution along with this form to the judgment creditor requesting the execution.
3. If judgment debtor completes and returns this form claiming an exemption, enter the appearance of the judgment debtor with address set forth on page 1.
4. Set matter down for short calendar hearing.
5. Complete section VI below.
6. Send file-stamped copy of this form to judgment debtor and judgment creditor.
7. After hearing, send copy of any order entered to the banking institution.

### SECTION V (To be completed by banking institution upon return of exemption claim form)

| DATE CLAIM RECEIVED | DATE MAILED TO COURT | NAME OF BANK OFFICER | TELEPHONE NO. |
|---|---|---|---|
| | | | |

### SECTION VI — NOTICE TO JUDGMENT DEBTOR AND JUDGMENT CREDITOR

The assets in dispute are being held for (1) forty-five days from the date the exemption claim form was received by the banking institution designated on the front of this form or (2) until disposition is ordered by the court at a hearing to be held at short calendar on the date set forth below, whichever occurs earlier.

| DATE OF HEARING | TIME OF HEARING ☐ A.M. ☐ P.M. | SIGNED (Assistant Clerk) | DATE SIGNED |
|---|---|---|---|
| | | | |

### ORDER AFTER HEARING

The Court/Magistrate, having held a hearing to determine the issues raised by this claim, hereby orders that:

| SIGNED (Judge/Magistrate) | DATE SIGNED |
|---|---|
| | |